# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 240 | **DATE** | 9/14/2010 |
| **CASE TITLE** | Quinones vs. County of Cook | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions [97 -102] and defendant's motions [87-92] are granted, denied, and ruling reserved as stated in the Statement section of this order.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Presently before the court are plaintiff's and defendants' motions *in limine*. Motions *in limine* should be granted only if the evidence is clearly not admissible for any purpose. *See Hawthorne Partners* v. *AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). If there is any question on the issue, the court should reserve ruling on questions of admissibility until they actually arise in the context of the trial rather than barring the evidence before trial. *See id.* at 1401. With that in mind, the court addresses each motion *in limine* below.

**Defendants' Motions *in Limine***

**1. Motion to bar generalized evidence of alleged officer code of silence**

This motion is granted to the extent that it would bar references to a general "code of silence" among police offers. Plaintiff offers no opposition with respect to this issue.

Plaintiff argues, however, that he should be permitted to develop the theme that a "code of silence" existed among the particular officers involved in the complaint. In the absence of evidence of a generalized "code of silence," however, plaintiff's use of the phrase "code of silence" would amount to little more than an attempt to invoke a general "assumption that police officers, on every occasion, conspire to conceal evidence." *Sanders* v. *City of Indianapolis*, 837 F. Supp. 959, 963 (S.D. Ind. 1992). The phrase "code of silence" is thus unduly prejudicial and may not be used at trial.

Plaintiff may argue that the defendants' common group membership is probative of bias, just as any witness' membership in a common group may be probative of bias. *See United States* v. *Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 83 L. Ed. 2d 450 (1984) ("A witness' and a party's common membership in an

| STATEMENT |
|---|

organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias.").

**2. Motion to bar testimony or argument regarding the permanency of plaintiff's injuries**

This motion is granted to the extent that it bars lay witnesses from offering expert testimony (e.g., medical diagnoses) as to the cause of Quinones's injuries, his medical condition, diagnoses, or prognoses. Quinones and other lay witnesses may, however, provide lay testimony as to their personal observations regarding Quinones's injuries, including his on-going injuries. *See* Fed. R. Evid. 701. For example, plaintiff may testify that he currently suffers from back pain, that he took Ibuprofen frequently after the incident, and that he experiences stomach pain, but he may not opine as to the cause of these symptoms or attempt to diagnose his injuries.

**3. Motion to bar evidence of prior disciplinary records of any officers involved in the incident**

This motion is granted (unopposed). The parties are barred from offering any testimony, evidence, or argument regarding the prior disciplinary actions or records of any of the officers involved in this incident.

**4. Motion to bar lay testimony regarding plaintiff's physical condition**

This motion is denied. Defendants argue that plaintiff should barred from offering any evidence regarding his physical condition, in particular the falling off of his toe nails, pain to his spine, and pain while urinating. As explained in the court's ruling on defendant's second motion *in limine*, however, plaintiff may offer *lay* testimony as to his perception of his physical condition. The injuries alleged here are not so attenuated from the incident at issue as to require expert testimony. *Cf. Pearson* v. *Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) ("Wholly lacking in medical knowledge as he was, the plaintiff was incompetent to testify on the causal relation if any between exercise and healthy gums."). If required, the members of the jury can use common-sense to link plaintiff's current physical condition to the incident at issue. *See Hendrickson* v. *Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("We . . . disagree with [the] suggestion that [plaintiff] had to support his claims of increased back pain with expert medical evidence. No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations.").

**5. Motion to bar admission of prior complaints against defendants**

This motion is granted (unopposed). The parties are barred from admitting evidence of prior complaints against defendants Chris Kaloudis and Rico Palomino.

**Plaintiff's Motions *in Limine***

**1. Motion to bar references to plaintiff's criminal record**

This motion is granted, subject to reconsideration at trial if plaintiff testifies that he does not have a criminal history or states that he does not understand the procedures and customs of the Cook County Jail. Plaintiff moves to bar any reference to (1) his prior arrests without convictions, including the basis for the arrest on January 16, 2008 that caused him to be held in receiving on the date of the incident at issue, and (2)

| STATEMENT |
|---|

his prior felony convictions. Defendants state that they do not intend to use any portion of plaintiff's prior arrest history against plaintiff. Defendants argue, however, that the fact of plaintiff's prior felony convictions should be admitted, pursuant to Federal Rule of Evidence 609(a), because plaintiff's credibility is a key issue in this case.

Federal Rule of Evidence 609 allows for impeachment by evidence of conviction of crime when (a) the crime of conviction is a felony resulting in significant jail time or death, subject to Rule 403; or (b) the conviction involved dishonesty or false statements, regardless of whether it is a felony or misdemeanor. Defendant was convicted of three felonies: felony drug possession, possession of burglary tools, and burglary. These convictions have little probative value as to his credibility on the issue of whether defendants used excessive force during the incident at issue. *See Advisory Committee Note to 1990 Amendments* ("The amendment reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases have little, if anything, to do with credibility reach undesirable results.") (internal citations omitted). Nor do plaintiff's felony convictions involve crimes of dishonesty or false statement or contain factual similarities to the incident at issue. On the other hand, the jury will already know that plaintiff was arrested close in time to the date of the incident and may be able to infer from plaintiff's testimony that he is familiar with the procedures at the Cook County Jail. The prejudice that results from this information would be compounded by the introduction of plaintiff's prior criminal convictions. Therefore the court finds that the danger of unfair prejudice to plaintiff that would result from admitting evidence of plaintiff's prior convictions substantially outweighs the probative value of this information. *See* Fed. R. Evid. 403, 609(a)(1); *United States* v. *Galati*, 230 F.3d 254, 262 (7th Cir. 2000) ("[E]vidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." (quoting *United States* v. *Neely*, 980 F.2d 1074, 1081 (7th Cir. 1992)); *United States* v. *Rodriguez-Andrade*, 62 F.3d 948, 952 (7th Cir. 1995) (upholding the district court's decision to exclude "burglary and criminal trespass convictions because they were unrelated to [the witness's] ability to tell the truth").

**2. Motion to bar evidence of criminal history of witnesses Avalos and McCottrell**

This motion is granted for the reasons stated in the court's ruling on plaintiff's first motion *in limine* and is subject to reconsideration at trial if Avalos or McCottrell testify that they do not have a criminal history or do not understand the procedures and customs of the Cook County Jail

**3. Motion to bar evidence of plaintiff's fee agreement with counsel**

This motion is granted (unopposed). The parties are barred from referring to the circumstances under which plaintiff's attorneys were employed or retained.

**4. Motion to bar evidence regarding taxpayer burdens**

This motion is granted, as the parties appear to be in agreement on this issue. Defendants state that they do not intend to argue that an award for the plaintiff would place a burden on the taxpayers or reference Cook County's financial difficulties. Defendants assert that they should be able to argue that plaintiff has

**STATEMENT**

requested more money than he expects to be awarded and that defendants are shocked by the amount requested. Plaintiff agrees that defendants may argue that his request for damages is excessive.

**5. Motion to bar evidence of plaintiff's previous drug use**

This motion is granted. Defendants agree that they will not reference plaintiff's prior drug use or argue that plaintiff was under the influence of drugs at any point during his screening process at Cook County Jail on the evening in question. The issue of plaintiff's prior drug use is not relevant to whether defendants used excessive force and thus reference to plaintiff's prior drug use would tend to distract the jury from the issues before them. In accordance with the court's ruling on plaintiff's first motion *in limine*, defendants may not offer evidence of plaintiff's prior conviction for possession of a controlled substance.

**6. Motion to bar plaintiff's treating physician and nurses from testifying as experts**

It appears that the parties are in agreement on this issue. Plaintiff agrees that his treating physicians may testify regarding their observations of his physical condition prior to the incident at issue. *See* Fed. R. Evid. 701. Defendants agree that the treating physicians will not testify as to causation or the permanency of plaintiff's injuries. Therefore plaintiff's motion is granted only to the extent that it would bar plaintiff's treating physicians from providing expert testimony within the scope of Federal Rule of Evidence 702. *See Meyers* v. *Nat'l R.R. Passenger Corp. (Amtrak)*, __ F.3d __, 2010 WL 3385182, at *5 (7th Cir. Aug. 30, 2010) ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)."); *Musser* v. *Gentiva Health Servs.*, 356 F.3d 751, 758 (holding that treating physicians must be designated as experts if they are to provide expert testimony, such as testimony regarding the duty of care in a medical malpractice case).

To the extent that plaintiff's motion seeks to bar the introduction of medical records, the court reserves a ruling because plaintiff has not identified which records it objects to.